IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTIMARK CORPORATION,  )<br>  )<br>*Plaintiff*,  )<br>  )<br>*v.*  )  Civil Action No.  2:18-CV-01078-NBF<br>  )<br>TROY OSBORNE, PHILLIP HAMMETT,  )<br>MICHAEL CALVIN, AND BLUSKY  )<br>RESTORATION  CONTRACTORS, LLC,  )<br>  )<br>*Defendants*.  ) | |

## MOTION TO DISMISS BLUSKY RESTORATION CONTRACTORS, LLC FOR LACK OF PERSONAL JURISDICTION

BluSky Restoration Contractors, LLC, ("BluSky"), appearing specially by appearance of counsel Brian K. Matise of the law firm of Burg Simpson Eldredge Hersh & Jardine, P.C. for the purpose of contesting jurisdiction, hereby moves to dismiss Defendant BluSky from this action for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). In support of this Motion, BluSky states as follows:

1. BluSky Restoration Contractors, LLC is a Delaware limited liability company with its principal place of business located at 9767 E. Easter Avenue, Centennial, Colorado, 80112. *See* Complaint at ¶ 8; Declaration of Drew Bisping (attached as Exhibit 1) at ¶¶ 6.

2. A court has general jurisdiction over a corporate entity defendant only "when [the defendant's] affiliations with the state are so continuous and systematic as to render them essentially at home in the forum [s]tate." *Daimler AG v. Bauman*, 571 U.S.

___, 134 S. Ct. 746, 754 (2014). With respect to a corporation, the place of incorporation and principal place of business are the paradigm bases for general jurisdiction, where a corporation is "at home." *Daimler AG*, 134 S. Ct. at 760-61.

3. Pennsylvania courts, including federal courts situated within Pennsylvania, do not have general jurisdiction over BluSky because it is neither incorporated in Pennsylvania, nor is its principal place of business in Pennsylvania.

4. Plaintiff's complaint alleges only that BluSky has the required "minimum contacts" with Pennsylvania to support personal jurisdiction, specifically: 1) that it has registered to do business in Pennsylvania; 2) that "upon information and belief" it solicits roofing work in Pennsylvania; and 3) performs work in the Western District of Pennsylvania. Complaint ¶ 13. However, none of the allegations in the Complaint arise out of BluSky's conduct in Pennsylvania. *See generally,* Complaint; Declaration of Drew Bisping (Exhibit 1) at ¶¶7-9.

5. Specific personal jurisdiction requires Plaintiff to further establish that the controversy or issues in the Complaint derive from, or are connected with, the matters that establish jurisdiction. *Goodyear Dunlop Tires Ops., S.A. v. Brown,* 564 U.S. 915, 919 (2011).

6. Plaintiff fails to allege that BluSky's "minimum contacts" with Pennsylvania in soliciting roofing work in Pennsylvania and doing work in Pennsylvania give rise to the claims in this matter. In fact, the paragraph alleging personal jurisdiction over BluSky (paragraph 13 of the Complaint) fails even to allege that Plaintiff's claims arise out of BluSky's work in Pennsylvania.

7. Accordingly, this Court lacks personal jurisdiction over BluSky.

8. Pursuant to Fed. R. Civ. P. 12(b)(2), the Court should dismiss Plaintiff's claims against BluSky without prejudice.

9. Defendant BluSky further request that the Court award BluSky its costs upon dismissal, pursuant to Fed. R. Civ. P. 54(d).

10. Defendant BluSky submits the attached brief which more fully sets forth the reasons supporting this Motion.

Wherefore, Defendant BluSky respectfully requests that the Court enter an order dismissing Plaintiff's claims against BluSky without prejudice for lack of personal jurisdiction, and award BluSky its costs.

Dated this 11th day of September, 2018.

/s/ Brian K. Matise
Brian K. Matise
BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.
40 Inverness Drive East
Englewood, CO  80112
(303) 792-5595
bmatise@burgsimpson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2018, a true and correct copy of the foregoing **MOTION TO DISMISS BLUSKY RESTORATION CONTRACTORS, LLC FOR LACK OF PERSONAL JURISDICTION** was filed and served via ECF on the following parties of record:

Christian A. Angotti, Esq.
Littler Mendelson, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222

                                                                                */s/ Heather Christman*
                                                                                 Heather Christman