IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTIMARK CORPORATION, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| *v.* | ) Civil Action No. 2:18-CV-01078-NBF |
| | ) |
| TROY OSBORNE, PHILLIP HAMMETT, | ) |
| MICHAEL CALVIN, AND BLUSKY | ) |
| RESTORATION CONTRACTORS, LLC, | ) |
| | ) |
| *Defendants*. | ) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS BLUSKY RESTORATION CONTRACTORS, LLC FOR LACK OF PERSONAL JURISDICTION**

BluSky Restoration Contractors, LLC, ("BluSky"), appearing specially by appearance of counsel Brian K. Matise of the law firm of Burg Simpson Eldredge Hersh & Jardine, P.C. for the purpose of contesting jurisdiction, hereby submits this brief in support of its Motion to Dismiss Blusky Restoration Contractors, LLC for Lack of Personal Jurisdiction.

**STATEMENT OF FACTS**

BluSky Restoration Contractors, LLC is a Delaware limited liability company with its principal place of business located at 9767 E. Easter Avenue, Centennial, Colorado, 80112. *See* Complaint at ¶ 8; Declaration of Drew Bisping (attached as Exhibit 1) at ¶¶ 6. Plaintiff's Complaint alleges that BluSky hired Defendant Phillip Hammett immediately after December 2015. Complaint ¶6. Defendant Hammett is a resident of Mississippi. *Id.* Plaintiff's Complaint alleges that BluSky hired Defendant Michael Calvin immediately

after January 2, 2016. Complaint ¶7. Defendant Calvin is a resident of Tennessee. *Id.* Plaintiff's Complaint alleges that BluSky hired Defendant Osborne in May 2018. Complaint ¶5. Defendant Osborne is a resident of Alabama. *Id.*

Plaintiff does not allege in its Complaint any conduct of BluSky in the State of Pennsylvania that gives rise to Plaintiff's claims. *See generally,* Complaint; Declaration of Drew Bisping (Exhibit 1 to Motion) ¶7. Although BluSky performs certain restoration contract services in Pennsylvania, none of those contracts are related to the allegations in the Complaint. Declaration of Drew Bisping (Exhibit 1 to Motion) ¶9.

Plaintiff's Complaint alleges in Paragraph 13 that there is personal jurisdiction over BluSky for the following reasons:

> 13. This Court may obtain personal jurisdiction over BluSky because BluSky has the required minimum contacts with this forum. BluSky has registered to do business in Pennsylvania and, upon information and belief, solicits roofing work throughout Pennsylvania and performs work in the Western District of Pennsylvania.

However, Plaintiff's Complaint does not allege that any of BluSky's conduct or work in Pennsylvania gave rise to the claims in this action.

## SUMMARY OF ARGUMENT

This Court does not have personal jurisdiction over BluSky. Plaintiff may establish personal jurisdiction over a defendant in one of two ways, i.e., by showing general jurisdiction or specific jurisdiction. General jurisdiction over a corporate entity requires a showing that it is essentially "at home" in the jurisdiction. Ordinarily, general jurisdiction is limited to the state of incorporation, and the state where the principal place of business is located. Pennsylvania courts do not have general jurisdiction over BluSky because it is

a Delaware limited liability company and its principal business is in Colorado. Specific personal jurisdiction is limited to the facts of the case, and requires three elements: (1) the defendant must have purposely availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. Defendants allege facts that allege only the first element, i.e., that BluSky conducted business in Pennsylvania. This is insufficient because Plaintiff's claims do not arise out of BluSky's conduct in Pennsylvania. Accordingly, the Court should dismiss Plaintiff's claims against BluSky.

## ARGUMENT

### A.     Standard of Review

A motion to dismiss for lack of personal jurisdiction is governed by Fed. R. Civ. P. 12(b)(2). "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330, 51 V.I. 1219 (3d Cir. 2009).  Here, BluSky raises both a facial challenge to personal jurisdiction (i.e., the Complaint does not allege a sufficient basis for personal jurisdiction, and the facts of this particular case do not support personal jurisdiction). Accordingly, the Court should first require Plaintiff to plead sufficient facts to support personal jurisdiction. If Plaintiff cannot do so, then the Court dismiss the claims. If Plaintiffs can plead sufficient facts to establish a *prima facie* claim of personal jurisdiction, the burden then shifts to Defendant

to to demonstrate that the exercise of personal jurisdiction is unreasonable based on the facts of the case. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 324 (3d Cir. 2007). Plaintiff at all stages is required to bear the burden of demonstrating facts to establish personal jurisdiction. *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).

**B.      Plaintiff Cannot Establish General Personal Jurisdiction over BluSky.**

Personal jurisdiction may be established under either of two distinct theories: general personal jurisdiction or specific personal jurisdiction. *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). General jurisdiction exists when the defendant's contacts with a forum are "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. __, 134 S. Ct. 746, 761 (2014).  With respect to a corporation, the place of incorporation and principal place of business are the paradigm bases for general jurisdiction, where a corporation is "at home." *Daimler AG*, 134 S. Ct. at 760-61.  It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Chavez v. Dole Food Co.*, 836 F.3d 205, 213 (3d. Cir. *en banc*, 2016) (quoting *Monkton Ins. Servs. Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)).

Plaintiff's Complaint does not establish general jurisdiction over BluSky. BluSky is incorporated in Delaware and its principal place of business is in Colorado. Therefore, it is not "at home" in Pennsylvania for the purpose of general personal jurisdiction. Plaintiff does not allege any other facts that could establish general personal jurisdiction over BluSky.

**C.      Plaintiff Cannot Establish Specific Personal Jurisdiction over BluSky**

Specific personal jurisdiction is present only if the plaintiff's causes of action arise out of a defendant's forum-related activities. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.* 75 F.3d 147, 151 (3d Cir. 1996). There is a three-element test for specific personal jurisdiction, and Plaintiff must satisfy all three elements:

1) the defendant must have purposefully directed its activities at the forum;

2) the alleged injury or claim must arise out of or relate to the defendant's activities in the forum state; and

3) the assertion of jurisdiction must otherwise comports with traditional notions of fair play and substantial justice.

*O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

Plaintiffs' complaint alleges only that BluSky has the required "minimum contacts" with Pennsylvania and directed its activities at Pennsylvania.  Specifically, Plaintiff alleges: 1) that BluSky has registered to do business in Pennsylvania; 2) that "upon information and belief" BluSky solicits roofing work in Pennsylvania; and 3) BluSky performs work in the Western District of Pennsylvania. Complaint ¶ 13.  These allegations support only the first element of the test for specific personal jurisdiction, i.e., that the defendant directed business activities at the forum state.

However, Plaintiff does not satisfy the second element, that Plaintiff's alleged injury or claim arises out of BluSky's transaction of business or activities in Pennsylvania. None of the allegations in the Complaint arise out of BluSky's conduct in conducting business in Pennsylvania. *See generally,* Complaint; Declaration of Drew Bisping (Exhibit 1) at ¶¶7-9.

Specific personal jurisdiction requires Plaintiff to further establish that the controversy or issues in the Complaint derive from, or are connected with, the matters that establish jurisdiction. *Goodyear Dunlop Tires Ops., S.A. v. Brown,* 564 U.S. 915, 919 (2011). "[A] corporation's in-state activities [must] not only [be] 'continuous and systematic, but also give rise to the liabilities sued on.'") *Daimler A.G.* 134 S. Ct. at 761 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

Plaintiff fails to allege that BluSky's "minimum contacts" with Pennsylvania in soliciting roofing work in Pennsylvania and doing restoration work in Pennsylvania give rise to the claims in this matter. None of the three defendants who were hired by BluSky reside in Pennsylvania, nor is there any allegation they are doing business for BluSky in Pennsylvania. In fact, Plaintiff's allegations are that the three defendants hired by BluSky were located in Alabama, Mississippi, and Tennessee and their sales territories were all outside Pennsylvania. There is no Pennsylvania-related conduct by BluSky that gives rise to this action. Thus, specific jurisdiction is lacking.

**CONCLUSION**

Accordingly, the Court should dismiss the Complaint against BluSky without prejudice for lack of personal jurisdiction. Pursuant to Fed. R. Civ. P. 54(d), the Court should also award BluSky its costs upon dismissal.

Dated this 11th day of September, 2018.

/s/ Brian K. Matise
Brian K. Matise
BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.
40 Inverness Drive East
Englewood, CO  80112
(303) 792-5595
bmatise@burgsimpson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2018, a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS BLUSKY RESTORATION CONTRACTORS, LLC FOR LACK OF PERSONAL JURISDICTION** was filed and served via ECF on the following parties of record:

Christian A. Angotti, Esq.
Littler Mendelson, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222

/s/ Heather Christman
Heather Christman