**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CENTIMARK CORPORATION, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | Civil Action No.  2:18-CV-01078-NBF |
| | ) | |
| TROY OSBORNE, PHILLIP HAMMETT, | ) | |
| MICHAEL CALVIN, AND BLUSKY | ) | |
| RESTORATION  CONTRACTORS, LLC, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PHILLIP HAMMETT'S ANSWER TO COMPLAINT AND JURY DEMAND

Phillip Hammett, by and through his undersigned counsel Burg Simpson Eldredge Hersh & Jardine, P.C. hereby files his answer to Plaintiff's Complaint as follows:

## I.     ANSWER

1.      Mr. Hammett admits that he is a former employee of CentiMark per Para. 1 of the Complaint.

2.      Mr. Hammett denies any involvement as a basis for this action as alleged in Para. 2 of the Complaint, denies that he breached his employment agreement, denies that he engaged in unfair competition against Centimark, denies that he tortiously interfered with CentiMark's contractual relationships, and denies that he engaged in any conspiracy to injure CeniMark's business and employee relationships.  Mr. Hammett denies any remaining allegations contained in said paragraph.

3.      Mr. Hammett denies Para. 3 of the Complaint.

4.      Mr. Hammett is without particular knowledge or information as to the allegations of Para. 4 of the Complaint and so denies the same.

5.      Mr. Hammett is without particular knowledge or information as to the allegations of Para. 5 of the Complaint and so denies the same.

6.      Mr. Hammett admits that at the time of his hire and employment with CentiMark he was a resident of Mississippi and admits the dates of employment with Centimark but denies that he immediately went to work for BluSky as alleged in Para. 6 of the Complaint – Mr. Hammett was not hired by BluSky until October 10, 2016.

7.      Mr. Hammett is without particular knowledge or information as to the allegations of Para. 7 of the Complaint and so denies the same.

8.      Mr. Hammett is without particular knowledge or information as to the allegations of Para. 8 of the Complaint and so denies the same.

9.      Mr. Hammett denies Para. 9 of the Complaint both as a bare legal conclusion but also an incorrect conclusion of law as those Federal Statutes were not in effect during the term of Mr. Hammett's employment with CentiMark.

10.     Mr. Hammett denies Para. 10 of the Complaint as a bare legal conclusion but also as an incorrect conclusion as neither of those statutes prohibits Mr. Hammett from having solicited Mr. Osborne to work for BluSky as alleged in the Complaint.

11.     Mr. Hammett denies Para. 11 of the Complaint as a bare legal conclusion but also as an incorrect conclusion and including that any claim against himself individually by CentiMark could meet this Court's threshold jurisdiction of $75,000.

12.     Mr. Hammett denies the allegations of Para. 12 of the Complaint as a bare legal conclusion but also as an incorrect conclusion that the consent to the personal exclusive jurisdiction of this Court under the Employment Agreement is enforceable.

13.     Mr. Hammett denies Para. 13 of the Complaint as a bare and incorrect legal inclusion.

14.     Mr. Hammett denies Para. 14 of the Complaint as a bare legal conclusion as it involves all claims made against himself in this action and further denies any factual allegations contained in Para. 14 based upon a lack of particular knowledge and information as all involve and are directed against Mr. Osborne and/or BluSky.

15.     Mr. Hammett denies the allegations of Para. 15 of the Complaint as a bare legal conclusion but also as an incorrect conclusion that the consent to the personal exclusive jurisdiction of this Court under the Employment Agreement is enforceable and as stated in Mr. Hammett's answer to Para. 12 to the Complaint, incorporated by this reference.

16.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 16 of the Complaint and so denies the same.

17.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 17 of the Complaint and so denies the same.

18.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 18 of the Complaint and so denies the same.

19.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 19 of the Complaint and so denies the same.

20.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 20 of the Complaint and so denies the same.

21.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 21 of the Complaint and so denies the same.

22.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 22 of the Complaint and so denies the same.

23.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 23 of the Complaint and so denies the same.

24.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 24 of the Complaint and so denies the same and Mr. Hammett further denies the legal conclusion(s) alleged therein or that he was and/or is in receipt of the same.

25.     Mr. Hammett denies Para. 25 of the Complaint.

26.     Mr. Hammett denies Para. 26 of the Complaint.

27.     Mr. Hammett denies Para. 27 of the Complaint and states that he is without particular knowledge or information as to the purposes of Centimark's Computer Systems Policy or the particular terms of the Employment Agreement, but Mr. Hammett further objects that there are no factual allegations in the Complaint of Mr. Hammett as having any wrong-doing with Confidential Information of CentiMark.

28.     Mr. Hammett is without particular information as what was (or was not) a condition to his or the others individual Defendants hire by CentiMark and so denies Para. 28 of the Complaint.

29.     Mr. Hammett is without knowledge or information as to the formation of the particular Employment Agreement and so denies any further statements of Para. 29 of the Complaint.

30.     Mr. Hammett admits Para. 30 of the Complaint.

31.     Mr. Hammett is without knowledge or information as to the formation of the particular Employment Agreement and so denies any further statements of Para. 31 of the Complaint.

32.     The Employment Agreements, Exhibits A, B and C to the Complaint, "speak for themselves" but the enforceability of the same is not admitted and so Para. 32 of the Complaint is denied.

33.     The Employment Agreements, Exhibits A, B and C to the Complaint, "speak for themselves" but the enforceability of the same is not admitted and so Para. 33 of the Complaint is denied.

34.     The Employment Agreements, Exhibits A, B and C to the Complaint, "speak for themselves" but the enforceability of the same is not admitted and so Para. 34 of the Complaint is denied.

35.     The Employment Agreements, Exhibits A, B and C to the Complaint, "speak for themselves" but the enforceability of the same is not admitted and so Para. 35 of the Complaint is denied.

36.     The Employment Agreements, Exhibits A, B and C to the Complaint, "speak for themselves" but the enforceability of the same is not admitted and in particular including the applicability of Section 4.04(a) to Mr. Hammett in that he was not employed

by CentiMark for three (3) years that is an apparent condition to and/or the consideration for that specific covenant, and so Para. 36 of the Complaint is denied.

37.     The Employment Agreements, Exhibits A, B and C to the Complaint, "speak for themselves" but the enforceability of the same is not admitted and in particular including the applicability of Section 4.04(b) to Mr. Hammett in that he was not employed by CentiMark for two (2) years that is the apparent condition to and/or the consideration for that specific covenant, and so Para. 37 of the Complaint is denied.

38.     The Employment Agreements, Exhibits A, B and C to the Complaint, "speak for themselves" but the enforceability of the same is not admitted and so Para. 38 of the Complaint is denied. Mr. Hammett further objects that there are no factual allegations in the Complaint of Mr. Hammett as having violated the Non-Solicitation of Customers and Prospective Customers covenant.

39.     The Employment Agreements, Exhibits A, B and C to the Complaint, "speak for themselves" but the enforceability of the same is not admitted. Mr. Hammett affirmatively states that he has honored that covenant for the time that it was enforceable, and so Para. 39 of the Complaint is denied.

40.     The Employment Agreements, Exhibits A, B and C to the Complaint, "speak for themselves" but the enforceability of the same is not admitted and so Para. 40 of the Complaint is denied.

41.     The Employment Agreements, Exhibits A, B and C to the Complaint, "speak for themselves" but the enforceability of the same or the right to recovery against Mr. Hammett upon any claim thereunder is denied and so Para. 41 of the Complaint is denied.

42.     The Computer System policy, Exhibit D to the Complaint, "speaks for itself" and including that policy was not in existence, note the "Revision Date of May 25, 2016," at the time of Mr. Hammett's employment with CentiMark and so all allegations involving the Computer System policy, Exhibit D are denied and including Para. 42 to the Complaint.

43.     The Computer System policy, Exhibit D to the Complaint, "speaks for itself" and including that policy was not in existence, note the "Revision Date of May 25, 2016," at the time of Mr. Hammett's employment with CentiMark and so all allegations involving the Computer System policy, Exhibit D are denied and including Para. 43 to the Complaint.

44.     The Computer System policy, Exhibit D to the Complaint, "speaks for itself" but including that policy was not in existence, note the "Revision Date of May 25, 2016," at the time of Mr. Hammett's employment with CentiMark and so all allegations involving the Computer System policy, Exhibit D are denied and including Para. 44 to the Complaint.

45.     The Computer System policy, Exhibit D to the Complaint, "speaks for itself" but including that policy was not in existence, note the "Revision Date of May 25, 2016," at the time of Mr. Hammett's employment with CentiMark and so all allegations involving the Computer System policy, Exhibit D are denied and including Para. 45 to the Complaint.

46.     The Computer System policy, Exhibit D to the Complaint, "speaks for itself" but including that policy was not in existence, note the "Revision Date of May 25, 2016," at the time of Mr. Hammett's employment with CentiMark and so all allegations

involving the Computer System policy, Exhibit D are denied and including Para. 46 to the Complaint.

47.     The Computer System policy, Exhibit D to the Complaint, "speaks for itself" but including that policy was not in existence, note the "Revision Date of May 25, 2016," at the time of Mr. Hammett's employment with CentiMark and so all allegations involving the Computer System policy, Exhibit D are denied and including Para. 47 to the Complaint.

48.     The Computer System policy, Exhibit D to the Complaint, "speaks for itself" but including that policy was not in existence, note the "Revision Date of May 25, 2016," at the time of Mr. Hammett's employment with CentiMark and so all allegations involving the Computer System policy, Exhibit D are denied and including Para. 48 to the Complaint.

49.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 49 of the Complaint and so the same are denied.

50.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 50 of the Complaint and so the same are denied.

51.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 51 of the Complaint and so the same are denied.

52.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 52 of the Complaint and so the same are denied.

53.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 53 of the Complaint and so the same are denied.

54.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 54 of the Complaint and so the same are denied.

55.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 55 of the Complaint and so the same are denied.

56.     Mr. Hammett denies Para. 56 of the Complaint.

57.     Mr. Hammett denies Para. 57 of the Complaint.

58.     Mr. Hammett denies Para. 58 of the Complaint.

59.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 59 of the Complaint and so the same are denied.

60.     Mr. Hammett is without particular knowledge or information as to what was received by Mr. Calvin but admits receiving a communication from CentiMark but denies the violations alleged therein and as repeated in Para. 60 of the Complaint.

61.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 61 of the Complaint and so the same are denied.

62.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 62 of the Complaint and so the same are denied.

63.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 63 of the Complaint and so the same are denied.

64.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 64 of the Complaint and so the same are denied.

65.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 65 of the Complaint and so the same are denied.

66.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 66 of the Complaint and so the same are denied.

67.     Mr. Hammett denies that he was involved in the solicitation of or BluSky's hire of Mr. Osborne as alleged in Para. 67 of the Complaint.

68.     In answer to Para. 68 of the Complaint, Mr. Hammett admits having contact with Mr. Osborne of a personal nature as the individuals formed a friendship that continued after Mr. Hammett left CentiMark but denies that he solicited Osborne to come to work for BluSky in violation of any obligations to Centimark. Mr. Hammett further affirmatively states that Centimark has no right to bar or intrude upon personal communications between friends unrelated to Hammett's obligations to Centimark.

69.     Mr. Hammett denies Para. 69 of the Complaint.

70.     Mr. Hammett is without particular knowledge or information as to the allegations of Para. 70 of the Complaint and so the same are denied.

71.     Mr. Hammett denies Para. 71 of the Complaint.

72.     Mr. Hammett denies Para. 72 of the Complaint for reasons including, without limitation, that the same alleges a legal conclusion and/or presupposes the enforceability of the Employment Agreement, Exhibit B, and/or applicability of Section 4.06.

73.     Mr. Hammett denies Para. 73 of the Complaint for reasons including, without limitation, that the same alleges a legal conclusion and/or presupposes the enforceability of the Employment Agreement, Exhibit B, and/or applicability of Section 4.04.

74. Mr. Hammett denies Para. 74 of the Complaint for reasons including, without limitation, that the same alleges a legal conclusion and/or presupposes the enforceability of the Employment Agreement, Exhibit B, and/or applicability of Section 4.07.

75. The allegations of Para. 75 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

76. The allegations of Para. 76 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

77. The allegations of Para. 77 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

78. The allegations of Para. 78 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

79. The allegations of Para. 79 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge

or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

80. The allegations of Para. 80 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

81. The allegations of Para. 81 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

82. The allegations of Para. 82 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

83. The allegations of Para. 83 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

84. The allegations of Para. 84 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

85. The allegations of Para. 85 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

86. The allegations of Para. 86 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

87. The allegations of Para. 87 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

88. The allegations of Para. 88 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

89. The allegations of Para. 89 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

90. Mr. Hammett hereby incorporates his previous answers to Para. 1 through 89 of the Complaint in response to Para. 90.

91. The allegations of Para. 91 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

92. The allegations of Para. 92 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

93. The allegations of Para. 93 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

94. The allegations of Para. 94 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

95. The allegations of Para. 95 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

96. The allegations of Para. 96 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge

or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

97. The allegations of Para. 97 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

98. The allegations of Para. 98 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

99. The allegations of Para. 99 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

100. The allegations of Para.100 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

101. The allegations of Para. 101 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

102.     The allegations of Para. 102 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

103.     The allegations of Para. 103 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

104.     Mr. Hammett hereby incorporates his previous answers to Para. 1 through 103 of the Complaint in response to Para. 104.

105.     The allegations of Para. 105 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

106.     The allegations of Para. 106 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

107.     The allegations of Para. 107 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's misappropriation of trade secrets in this action.

108.     Mr. Hammett hereby incorporates his previous answers to Para. 1 through 107 of the Complaint in response to Para. 108.

109.     The allegations of Para. 109 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's computer fraud and/or abuse.

110.     The allegations of Para. 110 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's computer fraud and/or abuse.

111.     The allegations of Para. 111 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's computer fraud and/or abuse.

112.     Mr. Hammett hereby incorporates his previous answers to Para. 1 through 111 of the Complaint in response to Para. 112.

113.     The allegations of Para. 113 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's violation of a common law duty of loyalty.

114.     The allegations of Para. 114 of the Complaint do not involve Mr. Hammett and upon such grounds e denies the same and including for a lack of particular knowledge

or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's violation of a common law duty of loyalty.

115. The allegations of Para. 115 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's violation of a common law duty of loyalty.

116. The allegations of Para. 116 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's violation of a common law duty of loyalty.

117. The allegations of Para. 117 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims alleging Mr. Osborne's violation of a common law duty of loyalty.

118. Mr. Hammett hereby incorporates his previous answers to Para. 1 through 117 of the Complaint in response to Para. 118.

119. The allegations of Para. 119 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims involving a contract to which Mr. Hammett is not in privity or otherwise bound.

120. The allegations of Para. 120 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge

or information. Mr. Hammett further objects to his joinder to claims involving a contract to which Mr. Hammett is not in privity or otherwise bound.

121.    The allegations of Para. 121 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims involving a contract to which Mr. Hammett is not in privity or otherwise bound.

122.    The allegations of Para. 122 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims involving a contract to which Mr. Hammett is not in privity or otherwise bound.

123.    The allegations of Para. 123 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims involving a contract to which Mr. Hammett is not in privity or otherwise bound.

124.    The allegations of Para. 124 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims involving a contract to which Mr. Hammett is not in privity or otherwise bound.

125.    The allegations of Para. 125 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims involving a contract to which Mr. Hammett is not in privity or otherwise bound.

126.     The allegations of Para. 126 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims involving a contract to which Mr. Hammett is not in privity or otherwise bound.

127.     The allegations of Para. 127 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims involving a contract to which Mr. Hammett is not in privity or otherwise bound.

128.     The allegations of Para. 128 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims involving a contract to which Mr. Hammett is not in privity or otherwise bound.

129.     The allegations of Para. 129 of the Complaint do not involve Mr. Hammett and upon such grounds he denies the same and including for a lack of particular knowledge or information. Mr. Hammett further objects to his joinder to claims involving a contract to which Mr. Hammett is not in privity or otherwise bound.

130.     Mr. Hammett hereby incorporates his previous answers to Para. 1 through 129 of the Complaint in response to Para. 130.

131.     Mr. Hammett denies Para. 131 of the Complaint, including, without limitation, the same contain incorrect legal conclusions.

132.     Mr. Hammett denies Para. 132 of the Complaint, including, without limitation, the same contains an incorrect legal conclusion.

133.    Mr. Hammett denies the interpretation of the Employment Agreement, Exhibit B, as stated in Para. 133 of the Complaint and also the enforceability of the same.

134.    Mr. Hammett denies Para. 134 of the Complaint, including, without limitation, the same contains an incorrect legal conclusion.

135.    Mr. Hammett denies Para. 135 of the Complaint, including, without limitation, the same contains an incorrect legal conclusion.

136.    Mr. Hammett denies Para. 136 of the Complaint, including, without limitation, the same contains an incorrect legal conclusion.

137.    Mr. Hammett hereby incorporates his previous answers to Para. 1 through 136 of the Complaint in response to Para. 137.

138.    The allegations of Para. 138 of the Complaint are not directed against Mr. Hammett and so he denies the same and including for a lack of personal knowledge or information.

139.    Mr. Hammett denies Para. 139 of the Complaint, including, without limitation, the same contains an incorrect legal conclusion.

140.    Mr. Hammett denies Para. 140 of the Complaint, including, without limitation the same contains incorrect legal conclusions.

141.    Mr. Hammett hereby incorporates his previous answers to Para. 1 through 140 of the Complaint in response to Para. 141.

142.    Mr. Hammett denies Para. 142 of the Complaint, including, without limitation the same contains incorrect legal conclusions and allegations not involving Mr. Hammett for which he has neither any particular knowledge nor responsibility.

143. Mr. Hammett denies Para. 143 of the Complaint, including, without limitation the same contains incorrect legal conclusions.

144. Mr. Hammett hereby incorporates his previous answers to Para. 1 through 143 of the Complaint in response to Para. 144.

145. Mr. Hammett denies Para. 145 of the Complaint, including, without limitation the same contains incorrect legal conclusions and allegations/claims involving Mr. Osborne for which Mr. Hammett has neither any particular knowledge nor responsibility.

146. Mr. Hammett denies Para. 146 of the Complaint, including, without limitation the same contains incorrect legal conclusions.

WHEREFORE, the Defendant, Mr. Phillip Hammett, by undersigned counsel, respectively requests this Court deny all such relief prayed against him by the Plaintiff, Centimark Corp., in the Complaint, and requests an award of costs and attorneys' fees based upon the foregoing Answer and/or the affirmative defenses as follow:

## II.    AFFIRMATIVE DEFENSES

1. Some or all of the terms of the Employment Agreement, Exhibit B, are unenforceable and void as against public policy to the extent they may constitute a forfeiture.

2. The Employment Agreement's, Exhibit B, non-compete and/or non-solicitation provisions are unreasonable under Pennsylvania and must be limited in time and effect to no greater period than Mr. Hammett's period of employment – fourteen months; Mr. Hammett has honored and thus satisfied the covenant during that post-termination period under Pennsylvania law.

3.     The Employment Agreement's, Exhibit B, non-compete and/or non-solicitation provisions are void and in restraint of trade under Miss. Code Ann. Sec. 75-21-11 under reasonable in time, scope and geography and not made to protect a legitimate business interest; Mr. Hammett has honored and thus satisfied the covenant for a reasonable period under Mississippi law.

4.     The Employment Agreement's, Exhibit B, non-compete and/or non-solicitation provisions as to the individuals are unenforceable under Alabama law, Alabama Code Sec. 8-1-190, et. seq., and/or must be limited in time and effect to eighteen months post-termination and/or there has been a failure of condition/lack of consideration in that CentiMark has failed to compensate the applicable individuals per the statute for their post-termination covenant;  furthermore, Mr. Hammett honored  and has satisfied those covenants during that post-termination period under Alabama law.

5.     BluSky is not a Competing Business with CentiMark as contemplated by the Employment Agreement, Exhibit B, Sec. 4.04(a) or as it might be reasonably limited/interpreted under Pennsylvania and/or Alabama law.

6.     The Employment Agreement's, Exhibit B, Sec. 4.05(b) non-solicitation covenant depends upon the express definitions of "Customers" and "Prospective Customers," which are grossly overbroad in substance and effect by barring Mr. Hammett from solicitations of persons/business with whom Mr. Hammett had no contact with or actual knowledge of – in fact the definitions are so expansive as to include periods of time in which Mr. Hammett had not yet begun to work for CentiMark, (Mr. Hammett only worked for Centimark for fourteen months but the definition of Customer would bar his solicitation of Customers going back thirty-six months and Prospective Customers going

back twenty-four months).  There is no feasible means for Mr. Hammett to have complied with this covenant absent CentiMark's disclosure and provision to Mr. Hammett of each and every Customer or Prospective Customer that he was barred from soliciting at the time of his termination from CentiMark.  This covenant is impossible to comply and therefore is unenforceable.

7.      The Employment Agreement's, Exhibit B, Sec. 4.05(b) non-solicitation covenant depends upon the express definitions of "Customers" and "Prospective Customers," that are ambiguous and appear to require Mr. Hammett to have worked for CentiMark for a period of three (3) years with Customers and two (2) years respectively with Prospective Customers in order for that covenant to apply – there has been a failure of a condition precedent and/or a lack of consideration in that Mr. Hammett was only employed with Centimark for a period of fourteen months.

8.      Mr. Hammett had a license to contact Customers/Prospective Customers under the Employment Agreement, Exhibit B, Sec. 4.05(b), as BluSky and CentiMark are not a Competing Business in a Restricted Area.

9.      The Employment Agreement's, Exhibit B, Sec. 4.06 non-solicitation covenant depends upon the vague and ambiguous definition of an employee that cannot be solicited as "any person employed by CENTIMARK within six months (6) months of the date of any actions of [Mr. Hammett] that violate this paragraph":

      (i.)      it would be impossible for Mr. Hammett to comply with this paragraph given that this definition apparently encompasses ALL employees of CentiMark but also, including all persons that have terminated their employment

from CentiMark within six months prior to any solicitation, and also including all persons that will be hired by CentiMark in the oncoming six (6) months from that solicitation, there is no feasible means for Mr. Hammett to have knowledge of who was or will be an employee within six (6) months of the solicitation and thus this provisions is impracticable if not impossible to comply with; alternately,

(ii.) that definition creates an ambiguity that would be impossible to comply with (see above), and thus the only other meaning would be to construe the type of CentiMark employee that cannot be solicited is limited to persons who have been newly hired by CentiMark within the last six (6) – Mr. Osborne was not that kind of new hire.

10. Mr. Hammett had a license to contact Mr. Osborne per the Employment Agreement, Exhibit B, to the extent Mr. Osborne was not solicited to work for BluSky in a Restricted Area and/or because BluSky is not in competition with CentiMark.

11. Mr. Hammett had no obligation to notify CentiMark of his employment with BluSky because it is not a Competing Business.

12. All claims sounding in tort are barred by the economic loss rule.

13. CentiMark cannot recover in equity what has been bargained for and honored by Mr. Hammett in the Employment Agreement (as limited by Pennsylvania/Alabama law).

14. CentiMark has not suffered any actual damages related to Mr. Hammett's alleged contacts with Mr. Osborne or alleged failure to notify CentiMark of his employment with BluSky.

15.     The *status quo* has not changed since the hire of Mr. Hammett by BluSky and continuing to the present such that injunctive relief of any form should not be granted, Centimark has suffered no irreparable harm to date, and the doctrine of laches should bar any kind of equitable relief given all of the express (but unreasonable) two (2) year non-compete/non-solicitation covenants of the Employment Agreement as to Mr. Hammett were long expired before the filing of this action, (having lapsed on or about December 30, 2017).

16.     There has been failure of a condition precedent to the formation of the Employment Agreement, Exhibit B, no attorney reviewed and advised Mr. Hammett as to the contents and enforceability and future effects of this agreement as contemplated by the "Opinion of Counsel" section that has not been executed on page 15.

17.     Mr. Hammett reserves the right to supplement these affirmative defenses as further discovery and/or proceedings entail.

### III.     JURY DEMAND

Mr. Hammett hereby requests a trial of all claims pled against him to a jury.


Dated this 15th day of April, 2019.


/s/ Brian K. Matise
Brian K. Matise
BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.
40 Inverness Drive East
Englewood, CO  80112
(303) 792-5595
bmatise@burgsimpson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2019, a true and correct copy of the foregoing **PHILLIP HAMMETT'S ANSWER TO COMPLAINT AND JURY DEMAND** was filed and served via ECF on the parties of record

*/s/ Heather Christman*
Heather Christman