IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CENTIMARK CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:18-cv-01078-MJH |
| | ) | |
| v. | ) | Judge Marilyn J. Horan |
| | ) | |
| TROY OSBORNE, PHILLIP HAMMETT, MICHAEL CALVIN, AND BLUSKY RESTORATION CONTRACTORS, LLC, | ) ) ) | *Electronically Filed* |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF CENTIMARK CORPORATION'S
OPPOSITION TO DEFENDANT BLUSKY RESTORATION
CONTRACTORS, LLC'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

Defendant BluSky Restoration Contractors, LLC ("BluSky") has moved to be dismissed for lack of personal jurisdiction. Although BluSky's motion and supporting brief do not mention 42 Pa. C. S. A. § 5301, it is the reason BluSky's motion should be denied.

Plaintiff CentiMark Corporation ("CentiMark") pled in its complaint that "[t]his Court may obtain personal jurisdiction over BluSky because . . . BluSky has registered to do business in Pennsylvania . . . ." ECF 1, ¶ 13. BluSky registered in Pennsylvania as a foreign limited liability company in August 2015, which under 42 Pa. C. S. A. § 5301 was consent to this Court's general personal jurisdiction.

**I.     RELEVANT FACTS**

On August 16, 2018, CentiMark filed a complaint against defendants Troy Osborne, Phillip Hammett, Michael Calvin and BluSky, seeking relief to: (a) enforce individual defendant contract obligations; (b) stop the misappropriation of CentiMark's trade secrets and confidential

business information; (c) stop efforts to compete unlawfully with CentiMark; and (d) protect CentiMark's customer relationships and business goodwill.  *See* ECF 1.

As set forth in its complaint, CentiMark is North America's leading commercial roofing and flooring contractor.  ECF 1, ¶ 16.  The individuals named as defendants are former sales employees of CentiMark, currently employed by BluSky.  BluSky is a competitor of CentiMark's.  *Id.,* ¶ 73.

BluSky registered as a foreign business entity in Pennsylvania on August 31, 2015.  ECF 1, ¶ 13; *see* https://www.corporations.pa.gov/search/corpsearch; *see also Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 705 n.5 (3d Cir. 2004) (court may take judicial notice of public records); *Varian Med. Sys. v. Elekta AB*, Civil Action No. 15-871-LPS, 2016 U.S. Dist. LEXIS 91226, at *22-23 (D. Del. July 12, 2016) (court may take judicial notice of publicly available corporate registration records).

On September 11, 2018, BluSky moved pursuant to Fed. R. Civ. P. 12(b)(2) for dismissal for lack of personal jurisdiction.  ECF 12.  By multiple consent motions, CentiMark's time to respond to that motion was extended.  ECF 15, 25, 33, 39.  On April 30, 2019, BluSky indicated through a joint status report that it no longer would consent to extensions and this Court ordered CentiMark's response to BluSky's motion to be filed by May 14, 2019.  ECF 46, 47.

II.       STANDARD OF REVIEW

Once a defendant raises the question of personal jurisdiction, the plaintiff bears the burden to establish personal jurisdiction.  *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992).  The court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff," who needs only to establish a prima facie case, although the court can reconsider the issues "if it appears that the facts alleged to support jurisdiction are in dispute," and can conduct an evidentiary hearing to resolve any disputed facts.  *Id.* at 142, n.1;

*see also Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *Mellon Bank PSFS Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

"[I]n considering a motion to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2), the pleadings, affidavits and depositions are to be considered in a light most favorable to the plaintiffs." *Kelley v. Gonzalez*, C.A. No. 92-1256, 1992 WL 427477 (W.D. Pa. Dec. 15, 1992).

### III. ARGUMENT

#### A. BluSky Consented to the Court's General Personal Jurisdiction by Registering to Conduct Business in Pennsylvania

##### 1. Personal jurisdiction may be established by consent.

BluSky argues that personal jurisdiction may be established through general personal jurisdiction or specific personal jurisdiction. *See* ECF 13, pp. 2-6. Unreferenced by BluSky is that personal jurisdiction also may be established through a party's consent, express or implied. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982). One way a party can consent to jurisdiction is through "state procedures which find constructive consent to the personal jurisdiction of the state court in the voluntary use of certain state procedures." *Id.* at 704. The law of the state determines whether a corporation or business entity consents to the personal jurisdiction of the courts. *Accorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, 778 F. Supp. 3d 572, 584 (D. Del. 2015), *aff'd,* 817 F.3d 755 (Fed. Cir. 2016).

##### 2. Pennsylvania's business registration statute provides that registration as a foreign entity is consent to jurisdiction.

In 42 Pa. C. S. A. § 5301, Pennsylvania law imposes a basis for personal jurisdiction over a business if the business qualifies as a foreign corporation or entity. Through the statute, Pennsylvania notifies registrants of the effect of qualifying as a foreign entity:

3

> (a) General Rule.  The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction of such person . . .
>
> (2) Corporations. - (i) Incorporation under or *qualification as a foreign corporation under the laws of this Commonwealth*.  (ii) Consent, to the extent authorized by the consent.  (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.
>
> (3) Partnerships, limited partnerships, partnership associations, professional associations, unincorporated associations and similar entities. - (i) Formation under or *qualification as a foreign entity under the laws of this Commonwealth*. (ii) Consent, to the extent authorized by the consent. (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa. C. S. A. § 5301 (emphasis added).

In *Bane v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir. 1991), the Third Circuit upheld application of 42 Pa. C. S. A. § 5301, finding that registering to do business in Pennsylvania amounts to consent to general personal jurisdiction in Pennsylvania courts.  *See also RX Returns, Inc. v. PDI Enter., Inc.*, No. 97-1855, 1997 WL 330360, at *2 (E.D. Pa. June 6, 1997) (recognizing the Third Circuit "flatly held that when a foreign corporation registers to do business in Pennsylvania, a court may constitutionally exercise jurisdiction over that defendants pursuant to 42 Pa. C. S. A. § 5301(a)(2)(i)").

> 3. **Federal and state courts in Pennsylvania have upheld 42 Pa. C. S. A. § 5301 after the Supreme Court's 2014 *Daimler* decision.**

In *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014), the Supreme Court largely constrained the exercise of general personal jurisdiction over any out-of-state company to where the corporation was "at home."  A corporation is generally at home in its principal place of business and its place of incorporation.  *Id.* at 137-38.

4

After *Daimler,* some foreign defendants in Pennsylvania argued that assertion of personal jurisdiction over a foreign corporation or company based on its registering to do business would violate the due process guaranteed under the Fourteenth Amendment.  However, both federal and state courts in Pennsylvania have continued to hold that registration to do business in Pennsylvania is consent to jurisdiction.

The issue was first addressed in *Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648, 650 (E.D. Pa. 2016).  In *Bors,* one defendant was a Delaware corporation whose principal place of business was California.  This defendant was thus not "at home" in Pennsylvania (general personal jurisdiction).  Nor did it conduct business in Pennsylvania, let alone business leading to the claims in the case (specific personal jurisdiction).  Its only connection was its 2007 decision to register to do business as a foreign corporation in Pennsylvania.  It challenged the exercise of personal jurisdiction over it, arguing that finding Section 5301 registration to be consent to jurisdiction after *Daimler* did not comport with due process.   The court rejected that argument*,* finding that *Daimler* did not eliminate consent as a basis for jurisdiction and reasoning that Section 5301 gives companies specific notice that business registration will subject them to general personal jurisdiction.  *Id.* at 652-54.   The court stated:  "Consent remains a valid form of establishing personal jurisdiction under the Pennsylvania registration statute after *Daimler*."  *Id.* at 655.

Other federal district courts in Pennsylvania have agreed.  *See Shipman v. Aquatherm L.P.*, No. 17-5416, 2018 U.S. Dist. LEXIS 201810, at *5-6 (E.D. Pa. Nov. 28, 2018); *Aetna Inc. v. Mednax, Inc.*, No. 18-2217, 2018 WL 5264310, at *5-6 (E.D. Pa. Oct. 23, 2018); *Allstate Ins. Co. v. Electrolux Home Prod.*, No. 5:18-cv-00699, 2018 WL 3707377, at *4 (E.D. Pa. Aug. 3, 2018); *Gorton v. Air & Liquid Sys. Corp.*, 303 F. Supp. 3d 278, 298 (M.D. Pa. 2018); *Plumbers'*

*Local Union No. 690 Health Plan v. Apotex Corp.*, No. 16-665, 2017 WL 33129147, at *11 (E.D. Pa. July 24, 2017); *Hegna v. Smitty's Supply, Inc.*, No. 16-3613, 2017 WL 2563231, at *3-4 (E.D. Pa. June 13, 2017).

In *Gorton,* 303 F. Supp. 3d at 297-98, the U. S District Court for the Middle District of Pennsylvania reached the same conclusion as *Bors*, but refined it slightly. The court held that it could properly assert general personal jurisdiction over various defendants not otherwise "at home" in Pennsylvania and adjudicate claims arising from alleged asbestos exposures in California, Nevada and Ohio, based on the defendants' registration as foreign corporations under Section 5301. It agreed that consent is a distinct ground for general personal jurisdiction, not subject to the tests enunciated in *Daimler* and that the specific notice provision in 42 Pa. C.S. A. §5301, added on June 27, 1978, was sufficient to establish jurisdiction by consent. Thus, a foreign entity that registered on or after June 27, 1978 would be deemed to have consented, while one already registered by that date would not. *Id.* at 298.

In June 2018, the Pennsylvania Superior Court agreed with the federal courts. In *Webb-Benjamin, LLC v. Int'l Rug Grp., LLC*, 192 A.3d 1133, 1136-39 (Pa. Super. 2018), the dispute was between two limited liability companies ("LLCs") – one from Pennsylvania and one from Connecticut – concerning the Connecticut LLC's failure to pay for services rendered by the Pennsylvania LLC in Calgary, Canada. None of the events in the case occurred in Pennsylvania, and the Connecticut LLC's sole connection to Pennsylvania was its registration to do business in 2017, after all but a few of the alleged breaches of contract had already occurred. On appeal, the Superior Court held that a Pennsylvania court could properly assert jurisdiction over the Connecticut LLC and adjudicate claims arising from events in Canada, based on the Connecticut LLC's registration to do business. In so holding, the Superior Court analyzed *Daimler* and

adopted the rationale of *Bors*. Specifically, the court reasoned that "*Daimler* does not eliminate consent as a method of obtaining personal jurisdiction" and that the act of registering to do business thus constitutes valid consent under 42 Pa. C. S. A. § 5301 to the jurisdiction of the Pennsylvania courts. *Id*. at 1139.

    **4.**    **Since BluSky registered to do business in Pennsylvania, it consented to the jurisdiction of courts in Pennsylvania.**

Like the defendants in *Bors*, *Gorton* and *Webb-Benjamin*, BluSky registered to do business in Pennsylvania. ECF 1, ¶ 13. BluSky argues it must be dismissed pursuant to Rule 12(b)(2) for lack of general or specific personal jurisdiction, but makes no reference to Section 5301 or the principle of general personal jurisdiction by consent. BluSky likewise ignores the federal and state decisions upholding the validity of Pennsylvania's consent by registration statute. Because BluSky's registration to do business was consent to general jurisdiction, BluSky's motion to dismiss should be denied.

## IV. CONCLUSION

For the reasons above, defendant BluSky's motion to dismiss for lack of personal jurisdiction should be denied.

Respectfully submitted,

*/s/Terrence H. Murphy*

Robert W. Cameron (PA #69059)
bcameron@littler.com
Terrence H. Murphy (PA #36356)
tmurphy@littler.com
Allison R. Brown (PA #309669)
abrown@littler.com
Christian A. Angotti (PA #322881)
cangotti@littler.com

**LITTLER MENDELSON, P.C.**
625 Liberty Avenue
26th Floor
Pittsburgh, PA  15222
412.201.7635/7678/7623
412.456.2377 fax

Attorneys for Plaintiff
CentiMark Corporation

Dated:  May 14, 2019

8

## CERTIFICATE OF SERVICE

I certify that on this 14th day of May 2019 a true and correct copy of the foregoing Plaintiff CentiMark's Opposition to BluSky Restoration Contractors, LLC's Motion to Dismiss for Lack of Personal Jurisdiction was filed, using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

>Brian K. Matise, Esquire
>Burg Simpson Eldredge Hersh & Jardine, P.C.
>40 Inverness Drive East
>Englewood, CO 80112
>
>*Attorney for Defendants BluSky Restoration Contractors, LLC, and Phillip Hammett*
>
>Shelly Pagac, Esquire
>John Brumberg, Esquire
>Pietragallo Gordon Alfano Bosick & Raspanti, LLP
>One Oxford Centre
>Pittsburgh, PA 15219
>
>*Attorneys for Defendant Troy Osborne*
>
>J. Mark Baird, Esquire
>Baird Quinn LLC
>The Bushong Mansion
>2036 East 17th Avenue
>Denver, CO 80206
>
>*Attorney for Defendant Michael Calvin*

By: */s/Terrence H. Murphy*

FIRMWIDE:164210322.2 057617.1015