**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CENTIMARK CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TROY OSBORNE, PHILLIP HAMMETT, MICHAEL CALVIN, AND BLUSKY RESTORATION CONTRACTORS, LLC,<br><br>Defendants. | ) | Civil Action No. 2:18-cv-01078-MJH<br><br>Judge Marilyn J. Horan<br><br>*Electronically Filed* |

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

1. **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represents:



FIRMWIDE:164412423.1 057617.1015

Brian K. Matise (*admitted pro hac vice*)
BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.
40 Inverness Drive East
Englewood, CO 80112
(303) 792-5595
bmatise@burgsimpson.com

*Attorney for Defendant Phillip Hammett and BluSky Restoration Contractors, LLC*

Shelly Pagac (PA #63327)
SRP@Pietragallo.com
John Brumberg (PA #311352)
JRB@Pietragallo.com
Pietragallo Gordon Alfano Bosick
& Raspanti, LLP
One Oxford Centre
Pittsburgh, PA 15219

*Attorneys for Defendant Troy Osborne*

Robert W. Cameron (PA #69059)
bcameron@littler.com
Terrence H. Murphy (PA #36356)
tmurphy@littler.com
Allison R. Brown (PA #309669)
abrown@littler.com
Christian A. Angotti (PA #322881)
cangotti@littler.com

**LITTLER MENDELSON, P.C.**
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
412.201.7635/7678/7623
412.456.2377 fax

*Attorneys for Plaintiff CentiMark Corporation*

J. Mark Baird (*admitted pro hac vice*)
Baird Quinn LLC
The Bushong Mansion
2036 East 17th Avenue
Denver, CO 80206
jmb@bairdquinn.com

*Attorney for Defendant Michael Calvin*

**2. Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc.):**

Trade secret misappropriation under the Defend Trade Secrets Act and Pennsylvania Uniform Trade Secret Act; unauthorized access and/or exceeding authorization of a computer under the Computer Fraud and Abuse Act; breach duty of loyalty; breach of employee contract; tortious interference with contractual relationships; unfair competition; and civil conspiracy – Counts I and II allege trade secret misappropriation against Troy Osborne ("Osborne") and BluSky Restoration Contractors, LLC ("BluSky"); Count III alleges unauthorized access and/or exceeding authorization in accessing CentiMark's computer and/or documents against Osborne; Count IV alleges breach of duty of loyalty against Osborne; Count V alleges breach of employee contract against Osborne; Count VI alleges breach of employee contract against Phillip Hammett ("Hammett") and Michael Calvin ("Calvin"); Count VII alleges tortious interference with contractual relationships against BluSky, Hammett and Calvin; and Count VIII alleges unfair competition against all defendants.

**3. Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The Rule 26(f) Conference was held on May 10, 2019. Participating were Terrence H. Murphy and Christian A. Angotti, Counsel for Plaintiff, and Brian Matise, Counsel for Defendants BluSky and Hammett, Shelly Pagac and John Brumberg, Counsel for Defendant Osborne, and J. Mark Baird, Counsel for Calvin.

**4. Date of Rule 16 Initial Scheduling Conference as scheduled by the Court: (Lead Trial Counsel and unrepresented parties shall attend the Rule16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):**

Rule 16 Scheduling Conference: May 29, 2019 at 9:30 a.m.

**5. Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

Defendant BluSky filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) on September 11, 2018. After a series of motions for extensions to respond, Plaintiff's response was filed on May 14, 2019. Defendants Osborne and Calvin intend to file motions to dismiss pursuant to Fed. R. Civ. P. 12 on or before June 21, 2019.

**6. Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties will engage in mediation. The parties are considering an early mediation if this case does not resolve prior to discovery. A Stipulation Selecting ADR process will be filed separately.

**7. Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

Defendant BluSky has filed a motion to dismiss based on lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and defendants Osborne and Calvin intend to file Fed. R. Civ. P. 12 motions. Plaintiff CentiMark's position is that disclosures under Fed. R. Civ. P. 26(a) should occur after disposition of motions to dismiss. Defendants' suggestion is that plaintiff CentiMark first be required to provide its disclosures by June 28, 2019 in light of its claim under the Trade Secrets Act because, as plaintiff, it is required to identify its trade secrets "with a degree of precision and specificity" that

is "particular enough as to separate the trade secret from matters of general knowledge in the trade or special knowledge of persons skilled in the trade." *Syngy, Inc. v. AZ Assocs.*, No. 07-3536, 2013 WL 3716518 at *2 (E.D. Pa. July 15, 2013. Defendants' suggestion is that this is particularly applicable here since defendant Osborne has already voluntarily provided all information on the thumb drives he had in his possession, and CentiMark has searched those thumbdrives, but has not shared with any of the Defendants what it claims are trade secrets or even confidential. Indeed, defendant Osborne had personal information on those thumbdrives which for all the defendants know could have been the information downloaded. Plaintiff CentiMark does not agree with the foregoing suggestion.

**8. Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

The parties anticipate the need for fact discovery concerning all matters alleged in the Complaint, defendants' Answers, and Plaintiff's alleged damages.

**9. Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

**a. Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** See paragraph 7 above.

**b. Date by which any additional parties shall be joined:** The deadline for adding additional parties should be after the disposition of motions to dismiss.

**c. Date by which the pleadings shall be amended:** The deadline for amending the pleadings should be after the disposition of motions to dismiss.

**d. Date by which fact discovery should be completed:** The deadline for completing fact discovery shall be six months after disposition of motions to dismiss.

**e. If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** The parties do not agree. Defendants believe discovery should occur in phases, their position being that discovery has already been conducted so now plaintiff CentiMark should identify its trade secrets, confidential information which it claims was taken, and provide information as to the nature of documents it claims has been

downloaded. Plaintiff CentiMark does not agree and specifically, *inter alia,* does not agree that it should provide discovery to parties moving to dismiss.

**f. Date by which plaintiff's expert reports should be filed:**. The parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery, during which all expert discovery deadlines contemplated by Sections 9(f)-(k) of this Report will be set.

**g. Date by which depositions of plaintiff's expert(s) should be completed:** See Response to 9(f).

**h. Date by which defendant's expert reports should be filed:** See Response to 9(f).

**i. Date by which depositions of defendant's expert(s) should be completed:** See Response to 9(f).

**j. Date by which third party expert's reports should be filed:** See Response to 9(f).

**k. Date by which depositions of third party's expert(s) should be completed:** See Response to 9(f).

**10. If the parties agree that changes should be made to the limitations on discovery imposed or Local by the Federal Rules of Civil Procedure Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

None.

**11. Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

**a.** <u>**ESI.**</u> Is either party seeking the discovery of ESI in this case?
X Yes ◻ No [If "No," skip to subpart (e) below.]

**b.** <u>**ESI Discovery Plan.**</u> The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "<u>Appendix LCvR 26.2.C-CHECKLIST</u>" to the Local Rules and:

◻ Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by

◻ Have developed an ESI discovery plan (as attached).

X Will have an ESI discovery plan completed 30 days after the pleadings close. Note: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "<u>Appendix LCvR 26.2.E-MODEL ORDER</u>" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

**c.** **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
X Yes □ No

**d.** **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
□ Yes X No

**e.** **Clawback Agreement.** The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

X Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

□ Have agreed on alternative non-waiver language, which either is or will be incorporated within the ESI discovery plan.
□ Are unable to agree on appropriate non-waiver language.

**f.** **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
□ Yes X No

**g.** **Other.** Identify all outstanding disputes concerning any ESI issues:

None.

**12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):**

The parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery.

a. Settlement and/or transfer to an ADR procedure;

b. Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

c. Dates by which parties' pre-trial statements should be filed;

d. Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;

e. Dates on which motions *in limine* and *Daubert* motions shall be heard;

f. Dates proposed for final pre-trial conference;

g. Presumptive and final trial dates.

**13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

None.

**14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

The parties do not anticipate the need for a special master at this time.

**15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

None.

**16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties have considered the possibility of settlement. Over the course of the previous eight months the parties have engaged settlement discussions and informal discovery in an attempt to amicably resolve this matter. As the defendants have indicated that they no longer wish to participate in informal discovery, the parties have reengaged in litigation. Settlement remains a possibility and discussions continue.

Respectfully submitted,

*/s/ Brian K. Matise*

Brian K. Matise (*admitted pro hac vice*)
BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.
40 Inverness Drive East
Englewood, CO 80112
(303) 792-5595
bmatise@burgsimpson.com

*Attorney for Defendant Phillip Hammett and BluSky Restoration Contractors LLC*

*/s/ Terrence H. Murphy*

Robert W. Cameron (PA #69059)
bcameron@littler.com
Terrence H. Murphy (PA #36356)
tmurphy@littler.com
Allison R. Brown (PA #309669)
abrown@littler.com
Christian A. Angotti (PA #322881)
cangotti@littler.com

**LITTLER MENDELSON, P.C.**
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
412.201.7635/7678/7623
412.456.2377 fax

*Attorneys for Plaintiff CentiMark Corporation*

*/s/Shelly Pagac*

Shelly Pagac (PA #63327)
SRP@Pietragallo.com
John Brumberg (PA #311352)
JRB@Pietragallo.com
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
One Oxford Centre
Pittsburgh, PA 15219

*Attorneys for Defendant Troy Osborne*

*/s/J. Mark Baird*

J. Mark Baird (*admitted pro hac vice*)
Baird Quinn LLC
The Bushong Mansion
2036 East 17th Avenue
Denver, CO 80206
jmb@bairdquinn.com

*Attorney for Defendant Michael Calvin*

Dated: May 15, 2019