**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CENTIMARK CORPORATION, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | Civil Action No.  2:18-CV-01078-NBF |
| | ) | |
| TROY OSBORNE, PHILLIP HAMMETT, | ) | |
| MICHAEL CALVIN, AND BLUSKY | ) | |
| RESTORATION  CONTRACTORS, LLC, | ) | |
| | ) | |
| *Defendants*. | ) | |

**BLUSKY RESTORATION CONTRACTORS, LLC'S ANSWER TO
COMPLAINT AND JURY DEMAND**

Defendant BluSky Restoration Contractors, LLC, ("BluSky"),  by and through its undersigned counsel Burg Simpson Eldredge Hersh & Jardine, P.C., without waiving the right to challenge this Court's personal jurisdiction over BluSky, hereby files its answer to Plaintiff's Complaint as follows:

**I.      AFFIRMATIVE DEFENSE – LACK OF PERSONAL JURISDICTION**

This Court does not have personal jurisdiction over BluSky for the reasons set forth in BluSky's Motion to Dismiss. In particular, none of the claims asserted in this action arise out of BluSky's transaction of business in the Commonwealth of Pennsylvania and therefore the Court does not have specific personal jurisdiction over BluSky. Assertion of general jurisdiction over BluSky solely because it registered to do business in the Commonwealth of Pennsylvania does not constitute consent to general personal jurisdiction and violates due process under applicable U.S. Supreme Court

precedent. BluSky is submitting this Answer pursuant to the Court's Order and does not waive objection to personal jurisdiction by doing so.

## II.    ANSWER

1.    BluSky admits that the Individual Defendants are former employees of CentiMark and current employees of BluSky per Para. 1 of the Complaint. BluSky denies that it is a competitor of CentiMark.

2.    BluSky denies any involvement by it as a basis for this action as alleged in Para. 2 of the Complaint, denies that its employees breached their employment agreements, denies that it or its employees engaged in unfair competition against CentiMark, denies that it or its employees tortiously interfered with CentiMark's contractual relationships, and denies that it engaged in any conspiracy to injure CeniMark's business and employee relationships.   BluSky denies any remaining allegations contained in said paragraph.

3.    BluSky denies Para. 3 of the Complaint.

4.    BluSky is without particular knowledge or information as to the allegations of Para. 4 of the Complaint and so denies the same.

5.    BluSky is without particular knowledge or information as to the allegations of Para. 5 of the Complaint as they relate to Osborne's employment with CentiMark and so denies the same. BluSky admits that Defendant Osborne is an adult individual, resident of Alabama, and went to work for BluSky on or about the date stated.

6.    BluSky admits that at the time of Hammett's hire and employment with CentiMark he was a resident of Mississippi and admits the dates of employment with

CentiMark but denies that Hammett immediately went to work for BluSky as alleged in Para. 6 of the Complaint – Mr. Hammett was not hired by BluSky until October 10, 2016.

7.      BluSky is without particular knowledge or information as to the allegations of Para. 7 of the Complaint as they relate to Calvin's employment with CentiMark and so denies the same. BluSky admits that Defendant Calvin is an adult individual, resident of Tennessee, and went to work for BluSky.

8.      BluSky admits Para. 8 of the Complaint.

9.      BluSky denies Para. 9 of the Complaint both as a bare legal conclusion but also an incorrect conclusion of law as those federal statutes were not in effect during the term of certain Individual Defendants' employment with CentiMark.

10.     BluSky denies Para. 10 of the Complaint as a bare legal conclusion but also as an incorrect legal conclusion.

11.     BluSky denies Para. 11 of the Complaint as a bare legal conclusion but also as an incorrect conclusion and including that any claim against any of the Defendants by CentiMark could meet this Court's threshold jurisdiction of $75,000.

12.     BluSky is without particular knowledge or information as to the allegations of Para. 12 of the Complaint and so denies the same.

13.     BluSky denies that this Court has personal jurisdiction over BluSky as set forth in Para. 13 of the Complaint.

14.     BluSky denies Para. 14 of the Complaint as a bare legal conclusion as it involves all claims made against himself in this action and further denies any factual allegations contained in Para. 14 based upon a lack of particular knowledge and information as all involve and are directed against Mr. Osborne and/or BluSky.

15.     BluSky denies the allegations of Para. 15 of the Complaint as a bare legal conclusion but also as an incorrect conclusion with respect to any claims against BluSky. BluSky affirmatively states that the only proper venue for any claims against BluSky would be the District of Colorado.

16.     BluSky is without particular knowledge or information as to the allegations of Para. 16 of the Complaint and so denies the same.

17.     BluSky is without particular knowledge or information as to the allegations of Para. 17 of the Complaint and so denies the same.

18.     BluSky is without particular knowledge or information as to the allegations of Para. 18 of the Complaint and so denies the same.

19.     BluSky is without particular knowledge or information as to the allegations of Para. 19 of the Complaint and so denies the same.

20.     BluSky is without particular knowledge or information as to the allegations of Para. 20 of the Complaint and so denies the same.

21.     BluSky is without particular knowledge or information as to the allegations of Para. 21 of the Complaint and so denies the same.

22.     BluSky is without particular knowledge or information as to the allegations of Para. 22 of the Complaint and so denies the same.

23.     BluSky is without particular knowledge or information as to the allegations of Para. 23 of the Complaint and so denies the same.

24.     BluSky is without particular knowledge or information as to the allegations of Para. 24 of the Complaint and so denies the same.

25.     BluSky denies Para. 25 of the Complaint.

26.     BluSky denies Para. 26 of the Complaint.

27.     BluSky is without particular knowledge or information as to the allegations of Para. 27 of the Complaint and so denies the same.

28.     BluSky is without particular knowledge or information as to the allegations of Para. 28 of the Complaint and so denies the same.

29.     BluSky is without particular knowledge or information as to the allegations of Para. 29 of the Complaint and so denies the same.

30.     BluSky admits Para. 30 of the Complaint.

31.     BluSky is without particular knowledge or information as to the allegations of Para. 31 of the Complaint and so denies the same.

32.     BluSky is without particular knowledge or information as to the allegations of Para. 32 of the Complaint and so denies the same.

33.      BluSky admits that the Employment Agreements, Exhibits A, B and C to the Complaint, contain the statement in Para. 33 but the enforceability of the same is not admitted and so Para. 33 of the Complaint is denied.

34.     BluSky admits that the Employment Agreements, Exhibits A, B and C to the Complaint, contain the statement in Para. 34 but the enforceability of the same is not admitted and so Para. 34 of the Complaint is denied.

35.     BluSky admits that the Employment Agreements, Exhibits A, B and C to the Complaint, contain the statement in Para. 35 but the enforceability of the same is not admitted and so Para. 35 of the Complaint is denied.

36.     BluSky admits that the Employment Agreements, Exhibits A, B and C to the Complaint, contain the statement in Para. 36 but the enforceability of the same is not admitted and so Para. 36 of the Complaint is denied.

37.     BluSky admits that the Employment Agreements, Exhibits A, B and C to the Complaint, contain the statement in Para. 37 but the enforceability of the same is not admitted and so Para. 37 of the Complaint is denied.

38.     BluSky admits that the Employment Agreements, Exhibits A, B and C to the Complaint, contain the statement in Para. 38 but the enforceability of the same is not admitted and so Para. 38 of the Complaint is denied.

39.     BluSky admits that the Employment Agreements, Exhibits A, B and C to the Complaint, contain the statement in Para. 39 but the enforceability of the same is not admitted and so Para. 39 of the Complaint is denied.

40.     BluSky admits that the Employment Agreements, Exhibits A, B and C to the Complaint, contain the statement in Para. 40 but the enforceability of the same is not admitted and so Para. 40 of the Complaint is denied.

41.     BluSky admits that the Employment Agreements, Exhibits A, B and C to the Complaint, contain the statement in Para. 41 but the enforceability of the same is not admitted and so Para. 41 of the Complaint is denied.

42.     BluSky is without particular knowledge or information as to the allegations of Para. 42 of the Complaint and so denies the same.

43.     BluSky is without particular knowledge or information as to the allegations of Para. 43 of the Complaint and so denies the same.

44.     BluSky admits that the Computer System policy, Exhibit D to the Complaint, contains the statement in Para. 44 but denies that it was in effect during the employment of some Individual Defendants or its enforceability and so denies the same.

45.     BluSky admits that the Computer System policy, Exhibit D to the Complaint, contains the statement in Para. 45 but denies that it was in effect during the employment of some Individual Defendants or its enforceability and so denies the same.

46.     BluSky admits that the Computer System policy, Exhibit D to the Complaint, contains the statement in Para. 46 but denies that it was in effect during the employment of some Individual Defendants or its enforceability and so denies the same.

47.     BluSky admits that the Computer System policy, Exhibit D to the Complaint, contains the statement in Para. 47 but denies that it was in effect during the employment of some Individual Defendants or its enforceability and so denies the same.

48.     BluSky admits that the Computer System policy, Exhibit D to the Complaint, contains the statement in Para. 48 but denies that it was in effect during the employment of some Individual Defendants or its enforceability and so denies the same.

49.     BluSky is without particular knowledge or information as to the allegations of Para. 49 of the Complaint and so the same are denied.

50.     BluSky is without particular knowledge or information as to the allegations of Para. 50 of the Complaint and so the same are denied.

51.     BluSky is without particular knowledge or information as to the allegations of Para. 51 of the Complaint and so the same are denied.

52.     BluSky is without particular knowledge or information as to the allegations of Para. 52 of the Complaint and so the same are denied.

53.     BluSky is without particular knowledge or information as to the allegations of Para. 53 of the Complaint and so the same are denied.

54.     BluSky is without particular knowledge or information as to the allegations of Para. 54 of the Complaint and so the same are denied.

55.     BluSky is without particular knowledge or information as to the allegations of Para. 55 of the Complaint and so the same are denied.

56.     BluSky denies Para. 56 of the Complaint.

57.     BluSky denies Para. 57 of the Complaint.

58.     BluSky denies Para. 58 of the Complaint.

59.     BluSky denies Para. 59 of the Complaint.

60.     BluSky is without particular knowledge or information as to what was sent or received by CentiMark and the Individual Defendants but denies the violations alleged therein and as repeated in Para. 60 of the Complaint.

61.     BluSky is without particular knowledge or information as to the allegations of Para. 61 of the Complaint and so the same are denied.

62.     BluSky is without particular knowledge or information as to the allegations of Para. 62 of the Complaint and so the same are denied.

63.     BluSky admits that in the summer of 2017, Calvin was employed by BluSky as stated but is without particular knowledge or information as to the remaining allegations of Para. 63 of the Complaint and so the same are denied.

64.     BluSky is without particular knowledge or information as to the allegations of Para. 64 of the Complaint regarding contacts between Calvin and Osborne and so the same are denied.

65.     BluSky admits that a meeting took place between Osborne and Brown as stated in Para. 65 of the Complaint.

66.     BluSky denies that Calvin was involved in hiring Osborne as alleged in Para. 66 of the Complaint.

67.     BluSky denies that Hammett was involved in the solicitation of or BluSky's hire of Mr. Osborne as alleged in Para. 67 of the Complaint.

68.     BluSky is without particular knowledge or information as to the allegations of Para. 68 of the Complaint and so the same are denied.

69.     BluSky denies Para. 69 of the Complaint.

70.     BluSky denies Para. 70 of the Complaint.

71.     BluSky denies Para. 71 of the Complaint.

72.     BluSky denies Para. 72 of the Complaint for reasons including, without limitation, that the same alleges a legal conclusion and/or presupposes the enforceability of the Employment Agreements and/or applicability of Section 4.06.

73.     BluSky denies Para. 73 of the Complaint for reasons including, without limitation, that the same alleges a legal conclusion and/or presupposes the enforceability of the Employment Agreements and/or applicability of Section 4.04.

74.     BluSky denies Para. 74 of the Complaint for reasons including, without limitation, that the same alleges a legal conclusion and/or presupposes the enforceability of the Employment Agreements and/or applicability of Section 4.07.

75.     BluSky is without particular knowledge or information as to the allegations of Para. 75 of the Complaint regarding what information Osborne accessed,

and so the same are denied. BluSky denies that Osborne accessed any information on CentiMark-issued laptops for BluSky's benefit.

76.     BluSky is without particular knowledge or information as to the allegations of Para. 76 of the Complaint and so the same are denied.

77.     BluSky is without particular knowledge or information as to the allegations of Para. 77 of the Complaint and so the same are denied.

78.     BluSky is without particular knowledge or information as to the allegations of Para. 78 of the Complaint and so the same are denied.

79.     BluSky is without particular knowledge or information as to the allegations of Para. 79 of the Complaint and so the same are denied.

80.     BluSky is without particular knowledge or information as to the allegations of Para. 80 of the Complaint and so the same are denied.

81.     BluSky is without particular knowledge or information as to the allegations of Para. 81 of the Complaint and so the same are denied.

82.     BluSky is without particular knowledge or information as to the allegations of Para. 82 of the Complaint and so the same are denied.

83.     BluSky is without particular knowledge or information as to the allegations of Para. 83 of the Complaint and so the same are denied.

84.     BluSky denies Para. 84 of the Complaint.

85.     BluSky is without particular knowledge or information as to the allegations of Para. 85 of the Complaint and so the same are denied..

86.     BluSky is without particular knowledge or information as to the allegations of Para. 86 of the Complaint and so the same are denied.

87.     BluSky is without particular knowledge or information as to the allegations of Para. 87 of the Complaint regarding what information Osborne copied, and so the same are denied. BluSky denies that Osborne copied any information for BluSky's benefit.

88.     BluSky is without particular knowledge or information as to the allegations of Para. 88 of the Complaint and so the same are denied.

89.     BluSky denies the allegations of Para. 89 of the Complaint.

90.     BluSky hereby incorporates its previous answers to Para. 1 through 89 of the Complaint in response to Para. 90.

91.     BluSky is without particular knowledge or information as to the allegations of Para. 91 of the Complaint and so the same are denied.

92.     BluSky is without particular knowledge or information as to the allegations of Para. 92 of the Complaint and so the same are denied.

93.     BluSky is without particular knowledge or information as to the allegations of Para. 93 of the Complaint and so the same are denied.

94.     BluSky is without particular knowledge or information as to the allegations of Para. 94 of the Complaint and so the same are denied.

95.     BluSky is without particular knowledge or information as to the allegations of Para. 95 of the Complaint and so the same are denied.

96.     BluSky is without particular knowledge or information as to the allegations of Para. 96 of the Complaint and so the same are denied.

97.     BluSky is without particular knowledge or information as to the allegations of Para. 97 of the Complaint and so the same are denied.

98.     BluSky is without particular knowledge or information as to the allegations of Para. 98 of the Complaint and so the same are denied.

99.     BluSky is without particular knowledge or information as to the allegations of Para. 99 of the Complaint and so the same are denied.

100.    BluSky denies Para. 100 of the Complaint.

101.    BluSky denies Para. 101 of the Complaint.

102.    BluSky denies Para. 102 of the Complaint.

103.    BluSky denies Para. 103 of the Complaint and denies that CentiMark is entitled to the judgment requested following Para. 103.

104.    BluSky hereby incorporates its previous answers to Para. 1 through 103 of the Complaint in response to Para. 104.

105.    Para. 105 of the Complaint is a legal conclusion, to which no response is required. BluSky further denies that the statute cited applies in this action.

106.    BluSky denies Para. 106 of the Complaint.

107.    BluSky denies Para. 107 of the Complaint and denies that CentiMark is entitled to the judgment requested following Para. 107.

108.    BluSky hereby incorporates its previous answers to Para. 1 through 107 of the Complaint in response to Para. 108.

109.    BluSky is without particular knowledge or information as to the allegations of Para. 109 of the Complaint and so the same are denied.

110.    BluSky is without particular knowledge or information as to the allegations of Para. 110 of the Complaint and so the same are denied.

111.    BluSky denies Para. 111 of the Complaint.

112.    BluSky denies Para. 112 of the Complaint.

113.    BluSky denies Para. 113 of the Complaint.

114.    BluSky denies Para. 114 of the Complaint and denies that CentiMark is entitled to the judgment requested following Para. 114.

115.    BluSky hereby incorporates its previous answers to Para. 1 through 114 of the Complaint in response to Para. 115.

116.    Para. 116 of the Complaint states a legal conclusion to which no response is necessary.

117.    BluSky denies Para. 117 of the Complaint.

118.    BluSky denies Para. 118 of the Complaint.

119.    BluSky denies Para. 119 of the Complaint.

120.    BluSky denies Para. 120 of the Complaint and denies that CentiMark is entitled to the judgment requested following Para. 120.

121.    BluSky hereby incorporates its previous answers to Para. 1 through 120 of the Complaint in response to Para. 121.

122.    Para. 122 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, BluSky denies Para. 122.

123.    BluSky is without particular knowledge or information as to the allegations of Para. 123 of the Complaint and so the same are denied.

124.    In answer to Para. 124 of the Complaint, the written terms of the Employment Agreement are self-evident. BluSky denies that CentiMark has set forth the complete terms of said document. Any further allegations contained in said paragraph are denied.

125.    In answer to Para. 125 of the Complaint, the written terms of the Employment Agreement are self-evident. BluSky that CentiMark has set forth the complete terms of said document. Any further allegations contained in said paragraph are denied.

126.    BluSky denies Para. 126 of the Complaint.

127.    BluSky denies Para. 127 of the Complaint.

128.    BluSky denies Para. 128 of the Complaint.

129.    BluSky admits that the Employment Agreement contains the language set forth in Para. 129 of the Complaint but denies that CentiMark has set forth the complete terms of said document. Any further allegations contained in said paragraph are denied.

130.    BluSky denies Para. 130 of the Complaint.

131.    BluSky denies Para. 131 of the Complaint.

132.    BluSky denies Para. 132 of the Complaint and denies that CentiMark is entitled to the judgment requested following Para. 132.

133.    BluSky hereby incorporates its previous answers to Para. 1 through 132 of the Complaint in response to Para. 133.

134.    Para. 134 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is necessary, BluSky denies Para. 134.

135.    BluSky is without particular knowledge or information as to the allegations of Para. 135 of the Complaint and so the same are denied.

136.    The written terms of the Employment Agreements are self-evident. BluSky denies the interpretation of the Employment Agreement as stated in Para. 136 of the Complaint and also the enforceability of the same.

14

137.    BluSky denies Para. 137 of the Complaint.

138.    BluSky denies Para. 138 of the Complaint.

139.    BluSky denies Para. 139 of the Complaint and denies that CentiMark is entitled to the judgment requested following Para. 139.

140.    BluSky hereby incorporates its previous answers to Para. 1 through 139 of the Complaint in response to Para. 140.

141.    BluSky denies Para. 141 of the Complaint.

142.    BluSky denies Para. 142 of the Complaint.

143.    BluSky denies Para. 143 of the Complaint and denies that CentiMark is entitled to the judgment requested following Para. 143.

144.    BluSky hereby incorporates its previous answers to Para. 1 through 143 of the Complaint in response to Para. 144.

145.    BluSky denies Para. 145 of the Complaint.

146.    BluSky denies Para. 146 of the Complaint and denies that CentiMark is entitled to the judgment requested following Para. 146.

147.    BluSky hereby incorporates its previous answers to Para. 1 through 146 of the Complaint in response to Para. 147.

148.    BluSky denies Para. 148 of the Complaint.

149.    BluSky denies Para. 149 of the Complaint and denies that CentiMark is entitled to the judgment requested following Para. 149.

150.    BluSky denies that CentiMark is entitled to the relief sought in its Prayer for Relief and all subparts (a) through (m).

151.    Any remaining allegations contained in the Complaint are denied unless expressly admitted herein.

WHEREFORE, the Defendant, BluSky Restoration Contractors, LLC, by undersigned counsel, respectively requests this Court dismiss the Complaint against it by the Plaintiff, CentiMark Corp.; deny all relief sought against BluSky in the Complaint; and award BluSky its costs, expenses, and any attorneys' fees to which it is entitled under applicable law based upon the foregoing Answer and/or the affirmative defenses as follow:

### III.    AFFIRMATIVE DEFENSES

1.    Some or all of the terms of the Employment Agreements are unenforceable and void as against public policy to the extent they may constitute a forfeiture.

2.    The Employment Agreements' non-compete and/or non-solicitation provisions are unreasonable under Pennsylvania law and must be limited in time and effect to no greater period than the period of employment of the respective employees.

3.    The Employment Agreements' non-compete and/or non-solicitation provisions are void and in restraint of trade under Miss. Code Ann. Sec. 75-21-11 under reasonable in time, scope and geography and not made to protect a legitimate business interest.

4.    The Employment Agreements' non-compete and/or non-solicitation provisions as to the individuals are unenforceable under Alabama law, Alabama Code Sec. 8-1-190, et. seq., and/or must be limited in time and effect to eighteen months post-termination and/or there has been a failure of condition/lack of consideration in that

16

CentiMark has failed to compensate the applicable individuals per the statute for their post-termination covenant;  the Individual Defendant therefore honored  and have satisfied those covenants during that post-termination period under Alabama law.

5.      BluSky is not a Competing Business with CentiMark as contemplated by the Employment Agreement, Exhibit B, Sec. 4.04(a) or as it might be reasonably limited/interpreted under Pennsylvania and/or Alabama law.

6.      The Employment Agreements' Sec. 4.05(b) non-solicitation covenant depends upon the express definitions of "Customers" and "Prospective Customers," which are grossly overbroad in substance and effect by barring solicitation of persons/business with whom the Individual Defendants had no contact with or actual knowledge of – in fact the definitions are so expansive as to include periods of time in which the Individual Defendants had not yet begun to work for CentiMark, There is no feasible means for the Individual Defendants to have complied with this covenant absent CentiMark's disclosure and provision to the Individual Defendants of each and every Customer or Prospective Customer that they were barred from soliciting at the time of their termination from CentiMark.  This covenant is impossible to comply and therefore is unenforceable.

7.      The Employment Agreements' Sec. 4.05(b) non-solicitation covenant depends upon the express definitions of "Customers" and "Prospective Customers," that are ambiguous and appear to require the Individual Defendants to have worked for CentiMark for a period of three (3) years with Customers and two (2) years respectively with Prospective Customers in order for that covenant to apply – there has been a failure

of a condition precedent and/or a lack of consideration in that some Individual Defendants were not employed with CentiMark for the requisite period.

8.      The Individual Defendants had a license to contact Customers/Prospective Customers under the Employment Agreements' Sec. 4.05(b), as BluSky and CentiMark are not a Competing Business in a Restricted Area.

9.      The Employment Agreements' Sec. 4.06 non-solicitation covenant depends upon the vague and ambiguous definition of an employee that cannot be solicited as "any person employed by CENTIMARK within six months (6) months of the date of any actions of [the Individual Defendants] that violate this paragraph":

(i.)      it would be impossible for the Individual Defendants to comply with this paragraph given that this definition apparently encompasses ALL employees of CentiMark but also, including all persons that have terminated their employment from CentiMark within six months prior to any solicitation, and also including all persons that will be hired by CentiMark in the oncoming six (6) months from that solicitation, there is no feasible means for the Individual Defendants to have knowledge of who was or will be an employee within six (6) months of the solicitation and thus this provisions is impracticable if not impossible to comply with; alternately,

(ii.)      that definition creates an ambiguity that would be impossible to comply with (see above), and thus the only other meaning would be to construe the type of CentiMark employee that cannot be solicited is limited to persons who

have been newly hired by CentiMark within the last six (6) months – Mr. Osborne
was not that kind of new hire.

10.    The Individual Defendants had a license to contact Mr. Osborne per the
Employment Agreements to the extent Mr. Osborne was not solicited to work for BluSky
in a Restricted Area and/or because BluSky is not in competition with CentiMark.

11.    The Individual Defendants had no obligation to notify CentiMark of their
employment with BluSky because it is not a Competing Business.

12.    All claims sounding in tort are barred by the economic loss rule.

13.    CentiMark cannot recover in equity what has been bargained for and
honored by the Individual Defendants in the Employment Agreements (as limited by
Pennsylvania/Alabama law).

14.    CentiMark has not suffered any actual damages related to the Individual
Defendants' alleged contacts with Mr. Osborne or alleged failure to notify CentiMark of
his employment with BluSky.

15.    The *status quo* has not changed since the hire of the Individual Defendants
by BluSky and continuing to the present such that injunctive relief of any form should not
be granted, CentiMark has suffered no irreparable harm to date, and the doctrine of laches
should bar any kind of equitable relief given all of the express (but unreasonable) two (2)
year non-compete/non-solicitation covenants of the Employment Agreement as to Mr.
Hammett were long expired before the filing of this action, (having lapsed on or about
December 30, 2017).

16.    There has been failure of a condition precedent to the formation of the
Employment Agreements, no attorney reviewed and advised the Individual Defendants as

to the contents and enforceability and future effects of this agreement as contemplated by the "Opinion of Counsel" section that has not been executed on page 15.

17.     BluSky reserves the right to supplement these affirmative defenses as further discovery and/or proceedings entail.

### III.   JURY DEMAND

BluSky hereby requests a trial by jury of all claims and factual matters so triable.

Dated this 12th day of June, 2019.

/s/ Brian K. Matise
Brian K. Matise
BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.
40 Inverness Drive East
Englewood, CO  80112
(303) 792-5595
bmatise@burgsimpson.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2019, a true and correct copy of the foregoing **BLUSKY RESTORATION CONTRACTORS, LLC'S ANSWER TO COMPLAINT AND JURY DEMAND** was filed and served via ECF on the parties of record.

/s/ Heather Christman
Heather Christman